Filed 2/23/23  P. v. Torrico CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOAQUIN TORRICO, JR.,<br><br>    Defendant and Appellant. | B318896<br><br>Los Angeles County<br>Super. Ct. No. KA119913-01 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carlos Dominguez, Judge.  Conditionally reversed and remanded for further proceedings.

Robert A. Werth, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

In his second appeal in this matter, Joaquin Torrico, Jr. asks this court to review the in camera proceedings conducted by the trial court pursuant to his motion for production of documents under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), and to determine whether any discoverable documents were not provided to the defense. We conclude the trial court failed to conduct the appropriate inquiry during its in camera hearing, requiring us to conditionally reverse the judgment and remand for a new in camera hearing. We also agree with the parties that Torrico must be resentenced due to recent changes in sentencing law.

## FACTUAL AND PROCEDURAL BACKGROUND

Torrico was tried and convicted of several criminal offenses in 2020. Prior to trial, he filed a discovery motion seeking all "complaints from any and all sources relating to acts of, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, perjury, dishonesty, writing of false police reports, and any other evidence of misconduct amounting to moral turpitude . . . against Detective D. Lopez." The trial court partially granted the motion, ordered discovery of the officer's personnel files concerning fabrication of police reports only, and concluded that there were no records in the officer's files responsive to Torrico's motion.

In Torrico's first appeal, we held the trial court defined the category of discoverable documents too narrowly by ordering discovery of documents involving only police report fabrication when it should have ordered discovery of documents involving all dishonesty. (*People v. Torrico* (Oct. 8, 2021, B305870) [nonpub. opn.].) While we agreed the items the court had reviewed in camera were not discoverable under the broader standard of

2

dishonesty, we could not determine from the transcript of the *Pitchess* hearing whether the custodian of records had produced the officer's complete files or only records relating to report fabrication. (*Ibid.*) We conditionally reversed the judgment and ordered a limited remand to determine whether the officer's personnel files included incidents falling into the general category of dishonesty. (*Ibid.*) Specifically, we said, "If there are no additional complaints in [the officer's] file during the relevant period other than those the court already reviewed and considered as reported in the transcript of the *Pitchess* hearing that is before us, then the court need not repeat its findings as to the records it previously reviewed but should make it clear on the record there are no complaints in the general category of dishonesty." (*Ibid.*)

The trial court conducted its in camera hearing in March 2022 and concluded there was no discoverable information to release. The trial court reinstated the original judgment and Torrico again appealed. After our initial review of the matter, we requested and received supplemental briefing from the parties on two questions: "(1) What, if any, is the effect of the recent amendment to Evidence Code section 1045, by Statutes 2021, chapter 402 . . . , section 1, on the relevant time period for the trial court's in camera review of the officer's files?" and "(2) Is it proper for a trial court to take the custodian of record's oral description, or review a written summary, of item(s) in an officer's file during an in camera *Pitchess* hearing in lieu of reviewing the actual item(s)?"

# DISCUSSION

## I. *Pitchess Issues*

On a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the personnel records of a police officer accused of misconduct against the defendant. (Evid. Code, § 1043, subd. (b).) Good cause for discovery exists when the defendant shows both materiality to the subject matter of the pending litigation and a reasonable belief that the agency has the type of information sought. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 84.)

"When a trial court concludes a defendant's *Pitchess* motion shows good cause for discovery of relevant evidence contained in a law enforcement officer's personnel files, the custodian of the records is obligated to bring to the trial court all 'potentially relevant' documents to permit the trial court to examine them for itself." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1228–1229 (*Mooc*).) "Documents clearly irrelevant to a defendant's *Pitchess* request need not be presented to the trial court for in camera review. But if the custodian has any doubt whether a particular document is relevant, he or she should present it to the trial court. Such practice is consistent with the premise of Evidence Code sections 1043 and 1045 that the locus of decisionmaking is to be the trial court, not the prosecution or the custodian of records. The custodian should be prepared to state in chambers and for the record what other documents (or category of documents) not presented to the court were included in the complete personnel record, and why those were deemed irrelevant or otherwise nonresponsive to the defendant's *Pitchess* motion." (*Id.* at p. 1229.)

4

At the time of the initial *Pitchess* hearing and the first appeal, former Evidence Code section 1045, subdivision (b)(1) excluded from disclosure any information about complaints or conduct occurring more than five years before the conduct in the case before the court.  However, Senate Bill No. 16, signed by the Governor on September 30, 2021, and effective January 1, 2022, eliminated that time restriction.  (Stats. 2021, ch. 402, § 1; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.)  The in camera hearing on remand took place in March 2022, after Senate Bill No. 16's effective date.  As Torrico and the Attorney General agree, Senate Bill No. 16 applies here to remove the five-year limitation on disclosure of items in the officer's personnel files.

We have reviewed the transcript of the March 2022 in camera hearing and conclude the judgment must be conditionally reversed for the trial court to conduct a new *Pitchess* hearing for two reasons.  First, the custodian of records neither searched for nor provided all potentially responsive items in the officer's files.  Although the court and counsel for the Sheriff's Department were aware of the change in the law regarding the relevant time frame, the custodian of records performed no new search or review of the officer's records and brought to the hearing only those records that previously had been presented to the trial court.  The original custodian's search covered only the five years prior to the offenses, consistent with the law at the time.  The record reveals there existed records relating to this officer that dated from before the five-year mark, but those documents had not been within the scope of the initial search, and the custodian appearing at the March 2022 hearing neither examined them for potential relevance nor brought them to the court for the in

camera hearing.  When the court learned the custodian of the records had neither conducted a thorough search nor brought to court "all 'potentially relevant' documents to permit the trial court to examine them for itself" (*Mooc*, *supra*, 26 Cal.4th at pp. 1228–1229), the court should have required the custodian of records to perform a new search for potentially responsive documents consistent with the elimination of the five-year bar on relevancy.

Second, after fruitlessly attempting to determine the relevance of the unproduced records based on a summary document provided by the custodian of records,[1] the court excluded from review and disclosure information consisting of complaints concerning the officer's conduct solely because they

---

[1]     Initially reasoning that after Senate Bill No. 16 documents from more than five years before the offense were no longer categorically excluded from disclosure, the court reviewed a search report that provided summary information about the earlier records in the officer's files and attempted to ascertain based on that document whether the underlying information bore any relationship to dishonesty.  A court may not rely on a custodian of records' description or summary of potentially relevant documents instead of examining them itself.  " 'When a defendant shows good cause for the discovery of information in an officer's personnel records, *the trial court must examine the records in camera* to determine if any information should be disclosed.' " (*People v. Rivera* (2019) 7 Cal.5th 306, 338, italics added; see also *People v. Superior Court* (*Johnson*) (2015) 61 Cal.4th 696, 711, 722 [custodian of records obligated to bring all potentially relevant documents to the trial court, which "examines the personnel records in camera"].)  Ultimately, the court abandoned this inquiry and relied on the former five-year relevancy bar to exclude information from disclosure.

occurred more than five years before the charged offenses. Because as of January 1, 2022, information consisting of complaints concerning an officer's conduct were no longer excluded per se from disclosure if they occurred more than five years before the charged offenses, we agree with the parties that limiting review based on the now-repealed five-year bar constitutes error.

Accordingly, we order a limited remand pursuant to the procedures outlined in *People v. Hustead* (1999) 74 Cal.App.4th 410, 423. We reverse the judgment conditionally and remand to the trial court to conduct another in camera hearing on the discovery motion, consistent with the amendments to Evidence Code section 1045, subdivision (b), as to all records of incidents of dishonesty. However, as we previously provided, the court need not conduct a repeat review of the specific documents it reviewed in the first in camera hearing, as we have previously determined there was no error in concluding those complaints were not discoverable. (*People v. Torrico, supra*, B305870 [nonpub. opn.].)

If there is no discoverable information in the files, then the trial court is ordered to reinstate the original conviction and to resentence Torrico as set forth in Section II of this Discussion. If, however, there is relevant discoverable information in the officer's files, Torrico should be given an opportunity to determine if the information would have led to any relevant, admissible evidence that he could have presented at trial. If Torrico is able to demonstrate that he was prejudiced by the denial of the discovery, the trial court should order a new trial. If Torrico is unable to show prejudice, then the conviction is ordered reinstated, and Torrico shall be resentenced for the reason set forth in Section II of this Discussion.

II.     *Sentencing Issues*

Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) amended Penal Code section 1170 to establish the middle term as the presumptive term when a statute specifies three possible terms of imprisonment, and to permit the court to impose a sentence exceeding the middle term only when the aggravating circumstances of the crime justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial.[2]  (Pen. Code, § 1170, subd. (b)(1), (2).)  We agree with the parties that Torrico, whose convictions are not final, is entitled to retroactive application of these ameliorative changes.  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 ["The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal"]; *People v. Jones* (2022) 79 Cal.App.5th 37, 45.)

---

[2]     The trial court may, however, consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  (Pen. Code, § 1170, subd. (b)(3).)

Torrico was sentenced to the upper term of four years on count 1. When explaining why it chose the upper term sentence, the court appeared to rely almost exclusively on the assertion that Torrico convinced or permitted his children to give false testimony at trial rather than accepting personal responsibility for his conduct. We agree with Torrico and the Attorney General that because this aggravating circumstance was not found true by the jury or admitted by Torrico, he is entitled to be resentenced due to the changes to Penal Code section 1170 made by Senate Bill No. 567.

Although Torrico mentioned Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.3) in passing in his opening brief, he did not make any argument as to how its provisions applied to him. We do not consider matters asserted perfunctorily and without supporting argument. (*People v. Mayfield* (1993) 5 Cal.4th 142, 196.)

## DISPOSITION

The judgment is conditionally reversed, and we remand to the trial court to conduct another in camera hearing on the discovery motion, as described above, to determine whether there are any discoverable complaints of dishonesty. If there is no discoverable information in the officer's files, then the trial court is ordered to reinstate the original conviction and to resentence appellant. If, however, there is discoverable information in the officer's files, appellant should be given an opportunity to determine if the information would have led to any relevant, admissible evidence that he could have presented at trial. If appellant is able to demonstrate that he was prejudiced by the denial of the discovery, the trial court should order a new trial. If

9

appellant is unable to show prejudice, then the conviction is ordered reinstated, and appellant shall be resentenced.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:



GRIMES, J.



VIRAMONTES, J.